UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-21497-COOKE/TORRES

CHABAN WELLNESS LLC, a Florida
limited liability company

        Plaintiff,

v.

SUNDESA, LLC d/b/a THE
BLENDERBOTTLE COMPANY, a Utah
limited liability company,

        Defendant.

## JOINT SCHEDULING REPORT

    Plaintiff CHABAN WELLNESS LLC ("Chaban") and Defendant SUNDESA, LLC ("Sundesa"), by and through their respective counsel, hereby submit their Joint Scheduling Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16.1(b), S.D. Fla. L.R., and this Court's Order Requiring Counsel to Meet and File Joint Scheduling Report and Proposed Order [ECF No. 8].

**1.**     **Meeting of Parties**

    Pursuant to Fed.R.Civ.P. 26(f) and S.D.Fla. Local Rule 16.1(b)(1) a telephonic meeting was held at 3:00 p.m. on June 5, 2015, which was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Jeffrey D. Feldman | Plaintiff |
| Susan J. Latham | Plaintiff |
| Andrew Shapiro | Defendant |
| Adam Beckstrom | Utah counsel for Defendant |

**2.**     **Nature of the Claims (per R. 26(f)(2))**:

    This action stems from a cease and desist letter dated April 8, 2015, which was sent by the Defendant to the Plaintiff, alleging that based upon Defendant's "review of the

1

structure and operation of [Plaintiff's] Shaker Cups, it appears that they infringe" design patent D510,235 (the "'235 Patent"). However, Plaintiff contends that the '235 Patent is invalid because it is indefinite, obvious, functional, non-ornamental. Therefore, Plaintiff is seeking a declaration from this Court that the '235 Patent is invalid. As noted below, Defendant has filed a Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1404 ("Motion"). Because this Motion is still pending before the Court, Defendant has not yet Answered Plaintiff's Complaint or brought any Counterclaims in this Action. Accordingly, the only claims addressed in this Joint Scheduling Report are those claims brought by Plaintiff at the present time. Defendant reserves all rights to bring appropriate counterclaims, and to seek discovery related to its counterclaims and any defenses that it might have, at such time as Defendant's answer becomes due.

3. **Any Unique Legal or Factual Aspects of the Case for Special Consideration**:

There are no unique legal or factual aspects at this time. Nevertheless, the parties wish to draw the court's attention to the fact that, because this is action pertains to a patent, there are additional deadlines in the proposed schedule the parties set forth in Section 11 below, including deadlines with respect to claim construction.

4. **Status or Likelihood of Settlement (per LR. 16.1(b)(2)(A))**:

Pursuant to this Court's Order [ECF No. 8, at ¶ 5(iii)], one of the purposes of the parties' conference was to discuss settlement in good faith. The parties' counsel discussed settlement during their conference, however, they were unable to reach a resolution of this matter.

The parties have not yet selected a mutually agreeable mediator. However, the parties anticipate engaging in mediation no later than June 24, 2016 pursuant to the schedule set forth in Section 11 below. Pursuant to this Court's Order [ECF No. 8, at ¶ 6], once the parties have agreed on a mediator and specific date, they will submit to the Court a proposed order scheduling mediation.

5. **Likelihood of Appearance of Additional Parties (per LR. 16.1(b)(2)(B))**:

The parties do not anticipate that it will be necessary to add parties into this action.

6. **Necessity and Desirability of Amending the Pleadings (per LR. 16.1(b)(2)(E))**:

The parties would like to leave open the possibility of an amendment of the pleadings in accordance with the Federal Rules of Civil Procedure should the need or desire to amend arise within the time permitted under the Rules.

7. **Timing of Initial Disclosures (per R. 26(f)(3)(A))**:

The parties will be making their respective Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by Friday, June 19, 2015.

8. **Subjects on which Discovery May Be Needed and Whether Discovery Should be Phased or Limited to Particular Issues (per R. 26(f)(3)(B) and (E)**:

The parties currently and reasonably believe that discovery may be needed as to the following subjects: indefiniteness of the '235 Patent; functionality of the '235 Patent; novelty of the '235 Patent; obviousness of the '235 Patent; ornamentality of the '235 Patent; inventorship of the design reflected in the '235 Patent; prior art with respect to the '235 Patent; advertising and promotion of products embodying the '235 Patent; assignment of the '235 Patent; licensing of the '235 Patent; and any and all other issues related to the invalidity or validity of the '235 Patent.

The parties agree that discovery need not be phased or limited to certain issues.

The parties do not believe that any changes are needed to the limitations on discovery imposed by the Federal Rules of Civil Procedure or this Court's Local Rules; therefore, the parties agree to abide by those set forth in the rules of this Court.

9. **Discovery of Electronically Stored Information (per R. 26(f)(3)(C))**:

(a) <u>Electronic discovery</u>: The parties expect to request or produce information from electronic or computer-based media. The parties have not reached an agreement as to acceptable methodologies for identifying, searching, and reviewing ESI; however, the parties have agreed on the following basic parameters.

> (i) *Format for Production*: The parties have agreed that the production of electronic documents shall initially be made in PDF format. Thereafter, the receiving party may request that any or all of the documents previously produced in PDF format be further produced in native format, and/or TIFF format with a load file that delineates logical document boundaries, together with text files to ensure that the production maintains any word searchability; provided, however, that the receiving

3

party shall reimburse the producing party for the reasonable cost of such additional, TIFF format production.

(ii) *Sources Not Reasonably Accessible*:  If a party responding to a discovery request asserts that responsive, electronically stored information is not reasonably accessible, then that party shall have the burden to demonstrate such with specific, factual evidence to the requesting party and, if necessary in response to a motion, to the Court.  If found to have been sufficiently demonstrated through factual evidence, then the parties shall meet and confer as to who shall bear the reasonable cost required to produce such data.  The parties each represent that they have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

(iii) *E-discovery Liaison*:  In the event of a dispute concerning the preservation or production of ESI, each party shall designate an individual(s) to act as an e-discovery liaison(s) for purposes of meeting, conferring, and attending court hearings on the subject, which may be an attorney (in-house or outside counsel), a third party e-discovery vendor/consultant, or an employee of the party, or any combination thereof.

10. **Issues of Privilege or Protection (per R. 26(f)(3)(D))**:

Pursuant to Fed.R.Civ.P. 26(c), the parties intend to jointly propose a protective order to the Court for the protection of confidential and highly confidential, as well as proposing a manner in which privileged or otherwise protected materials should be managed in the circumstance of inadvertent production.

The parties agree that preparation of a privilege log shall not be required with respect to documents and things that were generated after April 22, 2015, the date that this action commenced.

11. **Proposed Deadlines and Limits on Time:**

The parties have agreed to and propose the following deadlines in this action:

| Friday, June 19, 2015 | Initial Disclosures |
| --- | --- |
| Friday, June 26, 2015 | Joinder of parties and claims, and amendment of pleadings |

| | |
|---|---|
| Friday, November 27, 2015 | Filing *Markman* motions and accompanying memoranda of law. |
| Friday, December 18, 2015 | Responsive *Markman* claim construction brief |
| Friday, January 8, 2015 | Reply *Markman* claim construction brief |
| Friday, January 29, 2016 | *Markman* hearing on or about |
| Friday, February 26, 2016 | *Markman* Order from Court |
| Friday, March 11, 2016 *(i.e., 25 weeks prior to pretrial stipulation)* | List of fact witnesses intended to be called to testify at trial. |
| 60 days after issuance of *Markmen* Order | Fact Discovery Completed |
| 74 days after issuance of *Markman* Order | Plaintiff's Expert Disclosures to Defendant, including summaries |
| 88 days after issuance of *Markman* Order | Defendant's Expert Disclosures to Plaintiff, including summaries |
| 102 days after issuance of *Markman* Order | Expert Discovery Completed |
| Friday, May 6, 2016 *(i.e., 17 weeks prior to pretrial stipulation)* | Filing of all dispositive pretrial motions and memoranda of law |
| Friday, June 17, 2016 *(i.e., 11 weeks prior to pretrial stipulation)* | Filing all pretrial motions, including *Daubert* motions, and accompanying memoranda of law. |
| Friday, June 24, 2016 *(i.e., 10 weeks prior to pretrial stipulation)* | Mediation to be Completed |
| Friday, August 5, 2016 *(i.e., 4 weeks prior to pretrial stipulation)* | Parties Deadline to Meet for Purposes of Preparing a Joint Pre-trial Stipulation |
| Friday, September 2, 2016 *(i.e., 5 weeks prior to Friday before trial period)* | (a) Filing of Joint Pre-trial Stipulation and (b) Joint Summary of Respective Motions in Limine |
| Friday, September 16, 2016 | Pretrial Conference |
| Friday, September 30, 2016 *(i.e., Friday before Calendar Call)* | Final proposed jury instructions |

| Thursday, October 6, 2016 | [*Proposed*] Calendar Call |
| --- | --- |
| Monday, October 10, 2016 | [*Proposed*] Trial Date |

12. **Estimate length of trial and whether it is jury or non-jury trial**:

The parties estimate that this case will require 5-6 days to try to a jury.

13. **List of all pending motions, ripeness and summary of parties' positions**:

a.      Defendant's Motion to Dismiss For Improper Venue or, in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1404(a) [ECF No. 9].

Ripeness: Defendant's Reply to its Motion is due on June 8, 2015 and Defendant will be filing its Reply at that time.  Therefore, as of Monday, June 8, 2015, Defendant's Motion shall be fully briefed and ripe for determination by the Court.

Plaintiff's position:  As set forth in its memorandum in opposition [ECF No. 12] Chaban requests that this Court deny Sundesa's Motion to Dismiss or Transfer and enjoin Sundesa from maintaining its duplicative Utah action.

Defendant's position: As set forth in its Motion and memorandum in support thereof, Sundesa requests that this Court grant Sundesa's Motion to Dismiss Chaban's Complaint as an anticipatory suit or in the alternative to transfer this action to the United States District Court for the District of Utah for the convenience of the parties and witnesses and in the interest of justice.

14. **Advisability of Referring Matters to Magistrate Judge (per LR. 16.1(b)(2)(H))**:

The parties consent to referring discovery matters to the Magistrate Judge.  The parties also consent to referring motions for costs, attorneys' fees and/or for sanctions to the Magistrate, and have attached hereto an executed form reflecting such consent. <u>Exhibit "1."</u> The parties have not elected to refer further proceedings such as the trial of this action to the Magistrate; accordingly, no consent form is attached hereto in that regard.

15. **Any other matters that Local Rule 16.1(b) requires**:

(a)     <u>Case Management Track</u>: The parties recommend this case be assigned to the Standard Track, as outlined in Rule 16.1(a), S.D. Fla. L.R.

6

(b)     <u>Proposals for Formulation and Simplification of Issues</u>:  None are currently known.  However, the parties agree to work towards the simplification of issues for trial in an effort to avoid unnecessary expense or time.

(c)     <u>Possibility of Obtaining Admissions of Fact and Documents</u>:  As the case progresses, the parties have agreed to continue to discuss the possibility of obtaining admissions of fact and of the document.  The parties will work together in an attempt to agree upon the authenticity and admissibility of documents prior to trial.

(d)     <u>Suggestions for the Avoidance of Unnecessary Proof</u>:  The parties do not anticipate any problems with cumulative evidence and agree to work together in order to avoid such as the trial approaches.

(e)     <u>Joint Proposed Scheduling Order (L.R. 16.1(b)(3)</u> – A proposed order is attached hereto as <u>Exhibit "2."</u>

Dated: June 8, 2015                                                  Respectfully submitted,

| | |
|---|---|
| By: /s   *Susan J. Latham*<br><br>**FELDMAN GALE, P.A.**<br>*Counsel for Plaintiff*<br>Jeffrey D. Feldman / Fla. Bar no. 330302<br>  e-mail: jfeldman@feldmangale.com<br>Susan J. Latham / Fla. Bar no. 687391<br>  e-mail: slatham@feldmangale.com<br>One Biscayne Tower, 30th Floor<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone:  (305) 358-5001<br>Facsimile:   (305) 358-3309 | By: /s   *Andrew Shapiro*<br><br>**AKERMAN LLP**<br>*Counsel for Defendant*<br>James M. Miller<br>James.miller@akerman.com<br>Andrew M. Shapiro<br>Andrew.shapiro@akerman.com<br>1 Southeast 3rd Ave, Floor 25<br>Miami, Florida 33131<br>Tel: (305) 374-5600<br>Fax: (305)-374-5095 |


## CERTIFICATE OF SERVICE

I HEREBY certify that on June 8, 2015, I electronically filed the foregoing document, entitled Notice of Filing Proof of Service, with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

s/   *Susan J. Latham*
SUSAN J. LATHAM

## SERVICE LIST

*Chaban Wellness LLC. v. Sundesa, LLC.*
United States District Court, Southern District of Florida
Case No.: 1:15-cv-21497 COOKE/TORRES

| Via CM/ECF: | Via electronic mail: |
|---|---|
| Andrew M. Shapiro<br>Andrew.shapiro@akerman.com<br>James M. Miller<br>James.miller@akerman.com<br>**Akerman LLP**<br>1 Southeast 3rd Ave, Floor 25<br>Miami, Florida 33131<br>Tel: (305) 374-5600<br>Fax: (305)-374-5095 | Larry Laycock<br>llaycock@mabr.com<br>Adam B. Beckstrom<br>abeckstrom@mabr.com<br>**Maschoff Brennan**<br>Telephone: (435) 252-1360<br>Fax: (435) 252-1361 |