# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-cv-21497-COOKE/TORRES

CHABAN WELLNESS LLC, a Florida
limited liability company,

      Plaintiff,

v.

SUNDESA, LLC d/b/a THE BLENDER
COMPANY, a Utah limited liability
company,

      Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT

THIS MATTER is before me on Defendant Sundesa, LLC's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1404(a) ("Motion to Dismiss") (ECF No. 9).  I have reviewed the parties' arguments, the record, and the relevant legal authorities.  For the reasons explained below, Defendant's Motion to Dismiss is granted in part and denied in part.

## I. BACKGROUND

This is an action pursuant to 28 U.S.C. §§ 2201-2202 for a declaratory judgment of patent invalidity of U.S. Patent No. D510,235 (the "235 Patent").  Plaintiff, Chaban Wellness LLC ("Plaintiff" or "Chaban"), a Florida limited liability company, alleges that the '235 Patent is invalid because it is indefinite under 35 U.S.C § 112, obvious under 35 U.S.C. § 103, and its patent design elements are "functional rather than ornamental" in violation of 35 U.S.C. § 171.  Compl. ¶ 14, 18, ECF No. 1.  Defendant, Sundesa, LLC ("Defendant" or "Sundesa"), a Utah limited liability company, asserts that it is the exclusive licensee of the '235 Patent and as such, has an exclusive right to enforce the patent against the Plaintiff.  Defendant alleges that Plaintiff engaged in bad faith settlement negotiations as a tactic to gain additional time in order to preemptively file an anticipatory declaratory judgment action. Def.'s Mot. Dismiss 8, ECF No. 9.  Further, Defendant alleges that

Plaintiff's declaratory judgment filing constitutes improper forum shopping, intentionally done to deprive Defendant of its choice of forum, the District of Utah. *Id.*

On April 8, 2015, Defendant's counsel sent Plaintiff a cease and desist letter demanding that it immediately stop all infringing activity relating to the '235 Patent. Def.'s Mot. Dismiss, Ex. B, ECF No. 9-3. In this letter, Defendant's counsel asked that Plaintiff contact Defendant by April 29, 2015 to resolve their issues outside of litigation. *Id.* at 2. Defendant warned that it would "pursue all legal remedies available" if Plaintiff continued its infringement. *Id.* On April 16, 2015, Plaintiff's counsel telephoned Defendant's counsel to discuss the cease and desist letter. Decl. ¶ 8, ECF No. 9-1. Defendant provided Plaintiff with its settlement terms during that call and stated that its terms were non-negotiable. *Id.* at ¶ 11. Defendant also confirmed that it had filed several actions for similar infringement activities against other entities in Utah, California, and Nevada. *Id.* at ¶ 11. During the call, Plaintiff's counsel requested a written settlement agreement to take back to Plaintiff. *Id.* at ¶ 13. On April 17, 2015, Plaintiff's counsel emailed Defendant's counsel requesting a written draft copy of the settlement agreement, which Defendant provided to Plaintiff's counsel that same day. *Id.* at ¶ 15. On April 20, 2015, Plaintiff's counsel confirmed receipt of the draft settlement agreement and stated that they "would review [it] with our client and get back to you soon." *Id.* at ¶ 16. However, instead of getting back to Defendant's counsel, Plaintiff filed the instant action on April 22, 2015. *See* Compl., ECF No. 1. On that same day, Defendant filed its Complaint against Plaintiff for patent infringement in the United States District Court for the District of Utah. *See* Def.'s Mot. Dismiss, Ex. B, ECF No. 9-2.

In its Motion to Dismiss, Defendant argues that Plaintiff filed its action for a declaratory judgment in anticipation of Defendant filing a suit for infringement in the District of Utah. Further, Defendant argues that Plaintiff's participation in settlement discussions was disingenuous, a ploy to gain additional time to file the instant action, and a blatant attempt to forum shop and preempt the filing of Defendant's infringement suit in Utah. Defendant asserts that, given the circumstances surrounding the filing of Plaintiff's action, this Court should apply the anticipatory suit exception to the "first-filed" rule and dismiss Plaintiff's declaratory judgment action for improper venue. In the alternative, Defendant argues that the case should be transferred to the District of Utah pursuant to 28 U.S.C. § 1404(a). In response, Plaintiff argues that the parties were never engaged in true

settlement negotiations, that Defendant's threats of litigation were vague, and that its first-filed action should be allowed to proceed.  *See generally* Pl.'s Resp.

## II. LEGAL STANDARD

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption … that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 (11th Cir. 2005). "There must be sound reason that would make it unjust or inefficient to continue the first-filed action." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952). "The party objecting to jurisdiction in the first-filed forum carries the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *AT&T Intellectual Property II v. aioTV, Inc.,* 2014 WL 4052803 at *4 (N.D. Ga. Aug. 13, 2014) (quoting *Manuel,* 430 F.3d at 1135). "To determine whether these compelling circumstances exist, one equitable consideration is whether the action was filed in apparent anticipation of another pending proceeding." *Id.* at 4 (citing *Ven-Fuel, Inc. v. Dep't of Treasury,* 673 F.2d 1194, 1195 (11th Cir. 1982) (quotations omitted). "The anticipatory suit exception to the first-filed rule applies when one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum." *Collegiate Licensing Co. v. American Cas. Co. of Reading, Pa.,* 713 F.3d 71, 79 (11th Cir. 2013).  At its discretion, a district court may "refuse to enforce the first-to-file rule where forum shopping motivated the first-filed action or the first-filed action constitutes an improper anticipatory filing made under threat of an imminent suit." *AT&T,* 2014 WL 4052803 at *4 (quoting *Schwarz v. Nat'l Van Lines, Inc.,* 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004).

## III. ANALYSIS

Defendant argues that Plaintiff engaged in improper forum shopping by filing a declaratory judgment action in the Southern District of Florida in anticipation of Defendant's imminent suit against it for patent infringement in the District of Utah. Plaintiff contends that Defendant's cease and desist letter was merely a "vague threat" that that gave no indication that litigation was imminent if the issue could not be resolved through settlement discussions.

"The Declaratory Judgment Act is not a tool with which potential litigants may secure a delay or choose the forum." *Schwarz,* 317 F. Supp. 2d at 833.  A district court may

refrain from applying the first-filed rule where "compelling circumstances" and equitable considerations require that the first-filed proceeding not be allowed to continue. *See AT&T,* 2014 WL 4052803 at *4. Compelling circumstances include bad faith negotiations, an anticipatory suit, and forum shopping. *See Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 623 (9th Cir. 1991). At its discretion, a district court may refuse to hear declaratory judgment action that is an "improper anticipatory filing" made in response to an imminent threat of litigation. *See AT&T,* 2014 WL 4052803 at *4.

I must now determine whether Plaintiff filed its declaratory judgment action in clear anticipation of Defendant's infringement suit. A suit is deemed anticipatory if the plaintiff files it upon receipt of "*specific, concrete* indications that a suit by the defendant [is] *imminent."* *See Ward v. Follet Corp.,* 158 F.R.D. 645, 648 (N.D. Cal. 1994) (emphasis added). Here, Defendant's cease and desist letter plainly stated that Defendant intended to "pursue all legal remedies available" if Plaintiff failed to contact Defendant's counsel "within twenty-one days" in order to "resolve [the] matter *outside of litigation."* Def.'s Mot. Dismiss, Ex. B at 2, ECF No. 9-3 (emphasis added). Defendant's cease and desist letter made it clear that if the parties failed to come to a resolution within twenty-one days, then Defendant intended to pursue litigation. Therefore, the specific language of the letter put Plaintiff on notice that a lawsuit by Defendant was imminent if parties failed to come to a resolution by the specified deadline.

"The party objecting to jurisdiction in the first-filed forum carries the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *AT&T,* 2014 WL 4052803 at *4. "The 'first-filed' rule does not apply where the party seeking declaratory judgment unfairly took advantage of the other in a race to the courthouse." *Id.* at 4 (quoting *NSI Corp. v. Showco, Inc.,* 843 F. Supp. 642, 645 (D. Or. 1994) (internal quotations omitted). In a declaration by Defendant's counsel, Plaintiff called Defendant on April 16, 2015 to engage in preliminary settlement discussions and emailed Defendant on April 17, 2015 to request a written settlement agreement. Decl. at ¶ 6-8, ECF No. 9-1. Defendant's final communication with Plaintiff before Plaintiff filed this action occurred on April 20, 2015 wherein Plaintiff's council confirmed receipt of the draft settlement agreement and stated that she would discuss the terms with her client. *Id.* at ¶ 16. Defendant asserts that it anticipated further settlement discussions would take place based

upon the April 20, 2015 communication.  However, on April 22, 2015, seven days before Defendant's deadline for resolution, Plaintiff filed its declaratory judgment action in the Southern District of Florida.  *See generally* Compl., ECF No. 1.  Upon learning of Plaintiff's filing, Defendant filed its infringement suit that same day in the District of Utah.  Decl. at ¶ 3, ECF No. 9-1.

Based upon this sequence of events, I find that Defendant has met its burden of demonstrating the existence of compelling circumstances that warrant the application of the anticipatory filing exception to the first-filed rule.  The facts before me indicate that Plaintiff's filing was anticipatory and motivated by forum shopping.  Equitable considerations favor the Defendant given the timing of Plaintiff's filings in relation to the on-going settlement discussions.  Plaintiff never indicated to Defendant that it was no longer interested in engaging in settlement discussions.  Instead, Plaintiff decided to essentially walk away from discussions and file suit in its preferred forum.  Plaintiff knew that Defendant's threat of imminent litigation was serious because Plaintiff was aware of other lawsuits Defendant had filed under similar circumstances.  These facts collectively indicate that Plaintiff was aware that litigation was imminent and, instead of having to litigate this dispute in Utah, Plaintiff sought to get a "head start" in the "race to court" by filing its declaratory judgment action in its preferred forum.

Given the above, I find that compelling circumstances exist to apply the anticipatory filing exception to the first-filed rule.  Therefore, I am declining to exercise jurisdiction over the instant declaratory judgment action and granting Defendant's Motion to Dismiss for Improper Venue.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendant Sundesa, LLC's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1404(a) (ECF No. 9) is **GRANTED** *in part* **and DENIED** *in part* as follows:

1. Defendant's Motion to Dismiss for Improper Venue is **GRANTED**.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*.

2. Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) is **DENIED** *as moot*.

3.  The Clerk is directed to **CLOSE** this case.   All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 27th day of July 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*